15 F.3d 1091
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Gerald William DESROCHE, Defendant-Appellant.
 No. 92-30320.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 4, 1993.
Decided Jan. 5, 1994.
 
 Before: WRIGHT, BEEZER and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant Gerald William Desroche entered a conditional plea of guilty to possession with intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. Secs. 841(a)(1) and 841(b)(1)(B). He appeals the district court's denial of his motion to suppress evidence. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 Desroche argues that Agent Reese's initial stop and detention of Desroche violated the Fourth Amendment. The district court found that this encounter was consensual. We review de novo whether there has been a "seizure" in violation of the Fourth Amendment. Martinez v. Nygaard, 831 F.2d 822, 826 (9th Cir.1987). The district court's findings of fact are reviewed for clear error, but the legal consequences of those facts are questions of law. Id.
 
 
 4
 Desroche argues that he should not have been questioned by Agent Reese absent a reasonable suspicion of illegality. A person has been seized within the meaning of the Fourth Amendment if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave. Martinez, 831 F.2d at 826. So long as a reasonable person would feel free to disregard the police and go about his business, the encounter is consensual and no reasonable suspicion is required. Florida v. Bostick, 111 S.Ct. 2382, 2386 (1991). Desroche does not claim that he felt restrained, but rather asserts that he had a right not to be questioned. We reject this argument, and hold that the encounter was consensual.
 
 
 5
 Desroche also argues that the search of his bag violated the fourth amendment. The district court held that the search was illegal, but that the fruits of the search were admissible on grounds of inevitable discovery. We need not address the issue of whether the search was illegal, because we agree with the district court that discovery of the cocaine was inevitable.
 
 
 6
 The inevitable discovery rule allows the introduction of illegally obtained evidence if the government can show by a preponderance of the evidence that the tainted evidence would inevitably have been discovered through lawful means. United States v. Ramirez-Sandoval, 872 F.2d 1392, 1396 (9th Cir.1989). The inevitability of discovery must " 'arise from circumstances other than those disclosed by the illegal search itself.' " Id. (quoting United States v. Boatwright, 822 F.2d 862, 864-65 (9th Cir.1987)).
 
 
 7
 Desroche argues that he would not have been arrested had Agent Reese not searched the bag. However, Agent Reese specifically testified that he intended to arrest Desroche prior to discovering the cocaine, and that an order to show cause and a warrant of arrest for an alien would then have issued. The district court was entitled to credit Agent Reese's testimony. It is uncontested that, pursuant to such an arrest, Desroche would have been booked into county jail pending deportation proceedings and Agent Reese would have searched the bag when presenting Desroche to the jail. We hold that the contents of the bag would inevitably have been discovered.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3